UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW D.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C26-5369-BAT

**ORDER AFFIRMING AND DISMISSING THE CASE**

Plaintiff seeks review of the denial of his Disability Insurance Benefits application. He contends the ALJ erroneously failed to find autism spectrum disorder is severe at step two and misevaluated his testimony and the medical opinion evidence. Dkt. 14. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 52 years old, has at least a high school education, and has worked as a tutor. Tr. 70. Plaintiff applied for benefits on March 5, 2023, alleging disability as of June 18, 2020.[1] Tr. 54. Plaintiff was last insured as of March 31, 2023. Tr. 56. Plaintiff's application was

[1] Plaintiff originally alleged disability as of April 1, 2022, but amended his onset date at his hearing. *See* Tr. 250.

denied initially and upon reconsideration. Tr. 54. ALJ Mark Triplett conducted a hearing on February 26, 2025, and issued a decision finding Plaintiff not disabled. Tr. 54-72. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-3.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

> **Step one:** Plaintiff has not engaged in substantial gainful activity since June 18, 2020, the amended alleged onset date.
>
> **Step two:** Plaintiff has the following severe impairments: depressive disorder, anxiety disorder, and PTSD.
>
> **Step three:** These impairments do not meet or equal the requirements of a listed impairment.[3]
>
> **Residual Functional Capacity:** Plaintiff can perform a full range of work at all exertional levels but is limited to simple, routine tasks; occasional, superficial contact with coworkers and the general public; and requires regular breaks at two-hour intervals.
>
> **Step four:** Plaintiff cannot perform his past work.
>
> **Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

Tr. 56-58, 70-72.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Molina v. Astrue,* 674 F.3d 1104, 1115 (9th Cir. 2012). The Court may not reverse the ALJ's decision if an error is harmless. *Id.* at 1111. The Court may neither reweigh evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P. Appendix 1.

susceptible to more than one rational interpretation, the Court must uphold that of the Commissioner. *Id.*

Plaintiff argues the ALJ erred at step two and in his evaluation of his testimony and the medical evidence. Dkt 14 at 1.

**A. Step Two**

Plaintiff bears the burden at step two to show he has a medically determinable impairment or combination of impairments, and that the impairment or combination of impairments is severe. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart,* 433 F.3d 683, 686 (9th Cir. 2005). Step two is a threshold determination meant to screen out weak claims. *Buck v. Berryhill,* 869 F.3d 1040, 1048-49 (9th Cir. 2017).

Plaintiff correctly argues the ALJ erred at step two by failing to find his autism spectrum disorder ("ASD") is a severe impairment. Dkt. 14 at 4-6. However, Plaintiff fails to demonstrate this error was harmful. When an ALJ fails to identify a severe impairment at step two, but nonetheless considers at subsequent steps each claimed impairment, including the erroneously omitted severe impairment, the error at step two is harmless. *Lewis v. Astrue,* 498 F.3d 909, 911 (9th Cir. 2007). The ALJ decided step two in Plaintiff's favor and subsequently considered any limitation posed by ASD, such as sensitivity to sound, when determining the RFC. Tr. 56, 63-65. Accordingly, the ALJ's error in omitting ASD as a severe impairment was harmless.

**B. Plaintiff's Testimony**

The ALJ did not find malingering and was thus required to articulate clear and convincing reasons to reject Plaintiff's testimony. *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's reasons "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). General findings and conclusory statements without supporting evidence are thus insufficient. *Id.* at 494.

Plaintiff does not challenge any of the reasons offered by the ALJ for discounting his testimony, rather, he argues the ALJ "never specifically addressed the sensitivity to sound specifically to reject it." Dkt. 14 at 7. The ALJ is required to identify which testimony he finds not credible and explain what evidence contradicted that testimony. *Laborin v. Berryhill,* 867 F.3d 1151, 1155 (9th Cir. 2017). Essentially, the ALJ is required to "show his work." *Smartt v. Kijakazi,* 53 F.4th 489, 499 (9th Cir. 2022). That said, an ALJ is not required "to perform a line-by-line exegesis of the claimant's testimony," nor are they required "to draft dissertations when denying benefits." *Lambert v. Saul,* 980 F.3d 1266, 1277 (9th Cir. 2020).

Contrary to Plaintiff's assertion, the ALJ specifically addressed Plaintiff's testimony regarding sensitivity to sound and provided reasons for rejecting this testimony. *See* Tr. 63-64 ("Regarding the specifics of his testimony, the claimant testified to debilitating anxiety and depression, as well as noise sensitivities[.]"); 65 ("The claimant also variously testified to…being triggered by just the proximity to others and becoming stuck or distracted by their presence or their noises."). These reasons included Plaintiff's failure to mention these symptoms to his medication prescriber, that his subjective reports to his therapist did not match the severity

he claimed at the hearing, and inconsistency with reports of significant improvement with medication shortly after the alleged onset date. Tr. 62-65. The ALJ also found Plaintiff's symptoms had worsened significantly since his date last insured and that such subsequent worsening could not be the basis of a finding of disability during the period at issue. Tr. 63.

Plaintiff fails to challenge any of these reasons for rejecting his testimony and has therefore waived these arguments. *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1226 n.7 (9th Cir. 2009) (arguments not made in opening brief are deemed waived). Thus, the Court will not disturb the ALJ's findings. *Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

**C. Dr. Crinean's Opinion**

The ALJ must articulate how persuasive he finds each medical opinion and explain how he considered supportability and consistency. 20 C.F.R. § 404.1520c(b), (c). The ALJ cannot reject an opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods v. Kijakazi,* 32 F.4th 785, 792 (9th Cir. 2022). Conclusions alone are insufficient; "an ALJ can satisfy the "substantial evidence" requirement "by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

Dr. Crinean opined Plaintiff has several marked and extreme work limitations including being off task more than 30% of the workday and missing five or more days of work per month on average because of the inability to tolerate environmental noise and interactions with other people. Tr. 752-55, 842.

Plaintiff argues the ALJ failed to articulate legally sufficient reasons for not adopting Dr. Crinean's opinion Plaintiff experienced sensitivity to sound necessitating a white noise machine. Dkt. 14 at 8. Plaintiff asserts "this limitation stands" because the opinion Plaintiff had autism spectrum disorder was pervasive in Dr. Crinean's progress notes. *Id.* While Dr. Crinean opined Plaintiff was hypersensitive to noise, neither of his two opinions provide that Plaintiff required a white noise machine. *See* Tr. 752-55, 842. Further, a doctor's diagnosis of a condition does not render his opinion infallible, as Plaintiff seems to suggest. *Morgan,* 169 F.3d at 600 ("the opinion of the treating physician is not necessarily conclusive as to either the physical condition or the ultimate issue of disability."); *Matthews v. Shalala,* 10 F.3d 678, 680 (9th Cir. 1993) ("The mere existence of an impairment is insufficient proof of a disability.").

Plaintiff fails to meaningfully address the grounds the ALJ provided to reject Dr. Crinean's opinion, such as its inconsistency with the record and inadequate support from brief treatment notes. Tr. 66-67. Such conclusory statements unaccompanied by analysis or legal arguments are insufficient to demonstrate harmful error. *Sekiya v. Gates,* 508 F.3d 1198, 1200 (9th Cir. 2007); *Indep. Towers of Wash. v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003) ("a bare assertion of an issue does not preserve a claim."). Thus, the Court declines to disturb the ALJ's findings.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

DATED this 24th day of August, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge